

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

Overruled by AO 743

September 9, 1958

Honorable O. B. Ellis
Director
Department of Corrections
Huntsville, Texas

Opinion No. WW-496

Re: Authority of the Depart-
ment of Corrections to
negotiate an interagency
agreement with the State
Board of Education for the
repair and rebinding of
public school textbooks.

Dear Mr. Ellis:

We quote from your request for an opinion as follows:

"For some time we have been negotiating
with the State Board of Education for public
school textbook repair project. This has been
a successful prison industry in many states.
We are particularly interested in the project
from a standpoint of giving gainful employment
to the physically-handicapped inmates in our
charge. From preliminary studies with the
Board of Education, it seems we could do an
excellent job, make some money for the Depart-
ment of Corrections, and save some money for
the school system. The Board of Education and
administrative officers have expressed a will-
ingness to co-operate with us. They asked
their counsel for an opinion, and they were
told that such a project would violate the
Constitution of the State of Texas.

"In reality, this is not a binding job and
neither is it a printing job, but it is a re-
pair project. The work consists of cleaning
up used textbooks by erasing all writing and
sanding all the edges. The very badly damaged
books are separated, missing pages are replaced
from discarded books, and when the cover is in
bad shape the cover is replaced and the book
rebound. The only printing involved is stamp-
ing the title on the cover."

Section 21 of Article XVI of the Constitution of Texas, requires that all contracts for public printing and binding be given to the lowest responsible bidder, and reads as follows:

"Sec. 21.  All stationery, and printing, . . . paper used in the Legislative and other departments of the government, . . . shall be furnished, and the printing and binding of the laws, journals, and department reports, and all other printing and binding . . . , shall be performed under contract, to be given to the lowest responsible bidder, below such maximum price, and under such regulations, as shall be prescribed by law.  No member or officer of any department of the government shall be in any way interested in such contracts; and all such contracts shall be subject to the approval of the Governor, Secretary of State and Comptroller."

Contracts for the repair and rebinding of books required to be placed in permanent covers have long been awarded by the Board of Control, with the approval of the Governor, Secretary of State and Comptroller, to the lowest responsible bidder in accordance with the foregoing constitutional provision.  The fact that certain phases of the work contemplated by the interagency agreement between the Department of Corrections and the State Board of Education would not constitute "printing" or "binding", does not render that part of the agreement calling for rebinding of books less objectionable.  The rebinding of books by interagency agreement is prohibited by Section 21 of Article XVI of our State Constitution.  The cleaning and repair of books up to the rebinding stage, however, is not prohibited.

You are, therefore, advised that the contemplated interagency agreement between the Department of Corrections and the State Board of Education which, among other things, covers the rebinding of school textbooks, would be violative of Section 21 of Article XVI  of the Constitution of Texas and hence illegal.

## SUMMARY

The contemplated interagency agreement between the Department of Corrections and the State Board of Education which, among other things, covers the rebinding of school textbooks, would be violative of Section 21 of Article XVI of the Constitution of Texas, and hence illegal.

Yours very truly,

WILL WILSON
Attorney General of Texas

By *Leonard Passmore*

Leonard Passmore
Assistant

LP:zt

APPROVED:

OPINION COMMITTEE

Geo. P. Blackburn, Chairman

William E. Allen

Byron Fullerton

Jack Goodman

REVIEWED FOR THE ATTORNEY GENERAL
BY:  W. V. Geppert